IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR AYALA AND ITZA AYALA, | § | |
| AS REPRESENTATIVES AND NEXT | § | |
| FRIENDS OF I.L., A MINOR, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:16-cv-02503 |
| | § | |
| ESTHER OMOGBEHIN, | § | |
| INDIVIDUALLY AND IN HER | § | |
| OFFICIAL CAPACITY; ROBERT | § | |
| SCOTT ALLEN, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY; | § | |
| THE HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT; AND THE | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT BOARD OF EDUCATION, | § | |
| | § | |
|     Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS

TO THE JUDGE OF THE HONORABLE COURT:

Defendants Esther Omogbehin, Individually and in her Official Capacity; Robert Scott

Allen, Individually and in his Official Capacity; the Houston Independent School District; and

the Houston Independent School District Board of Education, move to dismiss various of the

Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would

respectfully show the Court as follows:

## I.    OVERVIEW OF MOTION

Plaintiff I.L. was a tenth grade student at the Houston School for Performing and Visual

Arts ("HSPVA") during the 2014-2015 school year. Dr. Robert Scott Allen was the principal of

HSPVA, and Plaintiff alleges that Dr. Esther Omogbehin had some sort of supervisory capacity

over Dr. Allen and/or HSPVA for the 2014-2015 school year. Plaintiff alleges that prior to the

school year, she was sexually assaulted by a fellow student at school, during a school orientation activity. She claims that the actions of the school district after the assault violated Title IX, 20 U.S.C. § 1681; her rights to equal protection of the laws and privacy under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution; and constituted intentional infliction of emotional distress and negligent infliction of emotional distress. She asserts all claims against all defendants.

## II. <u>STANDARD OF REVIEW</u>

Dismissal of a lawsuit on the pleadings is proper where there is either (1) lack of a cognizable theory of recovery or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Phrased a different way, "a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). While the Court will accept the plaintiff's factual allegations as true, the factual allegations must exist: "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting 2A *Moore's Federal Practice* § 12.07 [2.-5] at 12-91). In addition, what must be alleged are facts: "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court can dismiss a complaint for failure to state a claim if the plaintiff has failed to plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Sonnier v. State Farm Mut. Auto. Ins. Co*., 509 F.3d 673, 675 (5th Cir. 2007) (quoting *Twombly*). "[A] plaintiff is obligated to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bradley v. Phillips Petroleum Co*., 527 F.Supp.2d 625, 636 (S.D. Tex. 2007) (quoting *Twombly*). "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id*. (quoting *Twombly)*. To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide the plaintiff's grounds for entitlement to relief - including *factual* allegations that, when assumed to be true, raise a right to relief above the speculative level. *Cuvillier* v. *Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly)*. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum  expenditure of time and money by the parties and the court.'" *Id*. (quoting *Twombly*).

In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court held that Rule 8(a)(2) requires that "the well pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." *Id*. at 1950. A cause of action that is not supported by *any* specific factual allegations does not survive the plausibility standard established in *Iqbal*. To satisfy *Iqbal'*s plausibility standard, a complaint must meet two fundamental criteria. First, it must set forth a claim upon which relief could be granted. Second, it must give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests. A complaint cannot fulfill those criteria without alleging sufficient facts to provide concrete notice of the alleged wrongdoing and, putting conclusory allegations to the side, a reasonable basis for inferring that

there may be wrongful conduct, *i.e.,* to demonstrate a "reasonably founded hope that the [discovery] process will reveal relevant evidence" sufficient to establish the plaintiffs claim. *Dura Pharms.* v. *Broudo,* 544 U.S. 336, 347 (2005) (quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975)). Otherwise, a plaintiff with "a largely groundless claim" would be permitted to "simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *See Dura Pharms.*, 544 U.S. at 347.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1949-50. A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. at 1940.

## III.   STATEMENT OF ISSUES

A.   Whether claims against the Houston Independent School District Board of Education must be dismissed, because the Board of Education is not a separate legal entity capable of being sued by itself.

B.   Whether individuals may be sued under Title IX.

C.   Whether Plaintiff has failed to plead facts that show that any deprivation of her equal rights or privacy occurred in accordance with official Houston ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*.

D.   Whether Plaintiff's claim for negligent infliction of emotional distress should be dismissed, as Texas does not recognize such a cause of action.

E.   Whether the tort claims against Defendants Omogbehin and Allen should be dismissed pursuant to the election of remedies provision of the Texas Tort Claims Act.

F.   Whether sovereign immunity bars all state law tort claims against the District.

G.   Whether Plaintiff's claims for punitive damages under Title IX against all Defendants and against the District under all theories fail as a matter of law.

# IV.  ARGUMENTS AND AUTHORITIES

**A.**  **Claims against the Houston Independent School District Board of Education must be dismissed, because the Board of Education is not a separate legal entity capable of being sued by itself.**

Plaintiff sues, as two separate entities, the Houston Independent School District and the "Houston Independent School District Board of Education."  However, the Board of Education of the Houston Independent School District is not a legal entity separate and apart from the Houston Independent School District, and it is therefore not capable of being sued by itself.  In *Rubio v. Turner Unified School Dist. No. 202*, 453 F.Supp.2d 1295, 1300-01 (D. Kan. 2006), the plaintiffs sued both the Turner Unified School District No. 202 and the Turner Board of Education as two separate entities.  The court granted the school board's motion to dismiss, agreeing with the defendants that school boards are not separate entities from a school district, for purpose of a lawsuit:

> The Turner Board of Education concedes that it is the governing body of the Turner USD No. 202, but argues that as a matter of law, it lacks capacity to sue or be sued under Kansas law. Under Kansas law, a school district can sue and be sued in the name of the unified school district.  A local unified school district in Kansas is considered a municipality for tax and budget purposes.   As the governing body of the unified school district, the board of education has final decision-making authority for the district. Without specifically addressing the issue, Kansas courts have permitted local school boards to sue and be sued as a separate legal entities.  Even so, because the board of education is merely the governing body of the school district and is not a separate legal entity, any judgment against the board necessarily is against the school district. As with claims against individuals acting in their official capacities for a school district, a claim against a sub-unit of a school district is the equivalent of a suit against the school district itself. A suit against both entities is duplicative. The Court therefore sustains the motion to dismiss of the Turner Board of Education.

*Id*. at 1300-01 (internal citations omitted); *see also Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1583 (N.D. Cal. 1993).

Under Texas law, while the board of trustees of a school district may "sue and be sued," they do so "in the name of the district…."  *See* TEX. EDUC. CODE § 11.151(a).  As one state court

has held, "[i]n the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity." *New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 959 (Tex. App.—Texarkana 1998, no writ). Relying on the *New Caney* decision, this Court has held that "[b]ecause the ISD Board of Trustees lacks the capability to be sued in its own right, and because Jathanna has also sued the ISD, the Board is entitled to be dismissed. Its continued presence in this suit is both redundant and improper." *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012). Therefore, a lawsuit is proper against either the school district or the board of trustees acting in stead of the school district, but not both, because they are the same entity. For those reasons, so as to avoid confusion going forward, the Defendants respectfully request that the Court dismiss the "Houston Independent School District Board of Education", as a named Defendant separate and apart from the Houston Independent School District, and allow this lawsuit to proceed against the Houston Independent School District.

## B. Individuals may not be sued under Title IX.

Plaintiff seeks damages for an alleged violation of Title IX, a federal statute that prohibits gender discrimination in programs that receive federal aid. 20 U.S.C. § 1681. (Original Complaint, ¶¶ 71-72.) Title IX applies only to entities that receive federal funds. Because individual school employees do not receive federal grant money, a plaintiff cannot state a claim against individual defendants under Title IX. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257, 129 S.Ct. 788, 796 (2009) (Title IX…has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."); *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 849 (6th Cir. 2016) ("Title IX authorizes suit only against the school itself and not individual administrators…."); *Al-Rifai v. Willows Unified Sch. Dist.*, 469 F. App'x 647, 649 (9th Cir. 2012) ("Title IX does not create a private right of action against

school officials, teachers, and other individuals who are not direct recipients of federal funding…."); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 986 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015). Therefore, Defendants Omogbehin and Allen move to dismiss the Title IX claims asserted against them in their individual capacities.

**C.     Plaintiff has failed to plead facts that show that any deprivation of her equal rights or privacy occurred in accordance with official Houston ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*.**

Plaintiff's Original Complaint asserts claims against the Defendants for violation of the Plaintiff's rights to equal protection under the Fourteenth Amendment, and privacy under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. (Complaint, ¶ 75.) Plaintiff's claims against the District are asserted, as they must be, pursuant to 42 U.S.C. § 1983. *Id.* To succeed on such a claim, Plaintiff must show that the District itself is liable for the violation. *See generally Collins v. City of Harker Heights, Texas,* 112 S. Ct. 1061, 1066 (1992). A school district cannot be held liable under 42 U.S.C. § 1983 for an injury inflicted by its employees or agency based on a theory of vicarious liability or *respondeat superior* liability. *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 402, 117 S. Ct. 1382, 1388 (1997); *Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412, 1416 (5th Cir. 1997) (en banc). The Supreme Court set forth its standard on municipal liability in *Monell v. City of New York*:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). *See also Owen v. City of Independence*, 445 U.S. 622, 633, 100 S. Ct. 1398, 1406 (1980).

In order to state a constitutional claim against a school district under § 1983, then, a plaintiff must demonstrate that the constitutional violation occurred in accordance with official government policy or firmly entrenched custom. *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992); *Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989). The Fifth Circuit has noted that the plaintiff's description of the government's policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). A school district may be held liable only if the constitutional injury was caused by an official policy or custom promulgated by government officials who have final policy making authority. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120-21 (1992). Under Texas law, the final policy-making authority for an independent school district rests with the school district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993); *Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir. 1993).

In her Complaint, Plaintiff does not allege that the Houston ISD School Board had any involvement in what happened to her. She has not alleged that the HISD Board of Education formally adopted any actual policies, regulations, bylaws, or ordinances that contributed to her injuries, nor that the Board permitted "persistent and widespread practices" or "practices that are permanent and well settled and deeply embedded traditional ways of carrying out policy." *Bennett v. City of Slidell,* 728 F.2d 762 768 (5th Cir. 1984). As such, Plaintiff's allegations in her Complaint are legally insufficient to avoid dismissal under Rule 12(b)(6) under the *Twombly-Iqbal* standard.

Plaintiff's deficiencies in her Complaint are analogous to those identified by the Supreme Court in *Iqbal* itself. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) was a lawsuit brought by a

September 11 detainee against a number of defendants regarding his arrest and detention; however, the appeal only dealt with the claims asserted individually against John Ashcroft, the former United States Attorney General, and Robert Mueller, the Director of the FBI. The plaintiff alleged that Ashcroft and Mueller "each knew of, condoned, and willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," naming Ashcroft as the "principal architect" of the policy, and Mueller as "instrumental in [its] adoption, promulgation, and implementation." *Id*. at 1944. The Supreme Court acknowledged that asserting a claim against a federal official under *Bivens* was the federal analog to suits against state official under 42 U.S.C. § 1983, and that in both cases the government or supervisory officials could not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, but could only be held liable for their own individual acts that violated the Constitution:

> In a § 1983 suit or a Bivens action—where masters do not answer for the torts of their servants—the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.

*Id*. at 1948-49.

The Court then applied the pleading standards of Rule 8, as interpreted in *Twombly*, to the allegations made in the plaintiff's pleadings against Ashcroft and Mueller, noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007),). The Court ruled that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'," and that a complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id*. (citing *Twombly*, 550 U.S. at 555, 557). The Court

then held that alleging that Ashcroft and Mueller "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," were conclusory allegations that did not meet the pleadings standards of Rule 8, as interpreted in *Twombly*.

In *Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 129 S.Ct. 788 (2009) itself, where the Court held that Title IX did not foreclose a plaintiff from bringing additional claims under Section 1983 for gender discrimination based on student-to-student sexual harassment, the Court cautioned that the Section 1983 claim against the school district was subject to the *Monell* standard:

> Even where particular activities and particular defendants are subject to both Title IX and the Equal Protection Clause, the standards for establishing liability may not be wholly congruent. For example, a Title IX plaintiff can establish school district liability by showing that a single school administrator with authority to take corrective action responded to harassment with deliberate indifference….A plaintiff stating a similar claim via § 1983 for violation of the Equal Protection Clause by a school district or other municipal entity must show that the harassment was the result of municipal custom, policy, or practice. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

*Id*. at 257-58, 129 S. Ct. at 797. In *Doe 20 v. Bd. of Educ. of Cmty. Unit Sch. Dist. No. 5*, 680 F. Supp. 2d 957 (C.D. Ill. 2010), the court rejected entity liability for claims of sexual abuse of students, where there was no plausible inference of an unconstitutional policy, practice or custom on the part of the school district. *Id.* at 975.

Numerous courts since *Twombly* and *Iqbal* have held that a plaintiff must plead specific facts to demonstrate the existence of a custom, policy or practice sufficient to establish liability under *Monell*, or risk having their claims against the governmental entity dismissed under Rule 12(b)(6). In *B.A.B. v. Board of Educ. of the City of St. Louis*, 698 F.3d 1037 (8th Cir. 2012),

plaintiffs asserted various constitutional claims under § 1983 against their school district arising out of vaccinations to which they claimed they had not consented. The lower court dismissed the claims against the school district under *Iqbal*, "because plaintiffs' failure-to-train allegations merely recited elements of their causes of action and asserted legal conclusions without sufficient factual support to make the claims plausible." *Id*. at 1040. The Court of Appeals agreed and upheld the dismissal of the claims against the school district under Rule 12(b)(6). *Id*. at 1040-41.

In *Kean v. Henry*, 2013 WL 1802632 (3d Cir. 2013), a retired state trooper claimed that after he had spoken publicly against the merger of two municipal police departments into a regional police authority – which he claimed was being done solely to increase the pay and benefits of the local officers – local officers engaged in a campaign of petty harassment against him, to retaliate for his public comments. The Third Circuit upheld the dismissal of his claims against the City:

> We agree with the District Court that the Keans fail to satisfy the requisite elements of a *Monell* claim. As the District Court correctly noted, the Keans' complaint contains only the following allegations: that the Regional Police failed to timely respond to Kean's request for assistance in removing a construction site nuisance; that Henry and Kean verbally argued at a West Donegal meeting; and that Henry stopped Kean without probable cause. These allegations are insufficient to state a claim under *Iqbal* because they fail to contain sufficient factual matter to make it plausible on the face of the complaint that defendants are responsible for a policy or custom that violated the Keans' constitutional rights. Although we agree with the District Court's statement that Kean may have been treated poorly by officers, we also agree that the Keans have failed to allege any facts indicating that the municipalities took any action in accordance with an unlawful policy, practice, or custom under *Monell*.

*Id*. at *2.

In *Gray v. City of Roswell*, 486 Fed.Appx. 798 (11th Cir. 2012), the plaintiff brought a civil rights claim under § 1983 for false arrest. To satisfy the *Monell* standard for municipal liability, she alleged that (1) the City had failed to properly train its police officers, (2) the

officers' actions were within the policy, practice, custom, or procedure of the City, (3) the City ratified the officers' conduct, and (4) all City officers routinely violate the Fourth and Fourteenth Amendments. The Court held that this was insufficient to survive a motion to dismiss:

> A municipality may only be held liable for the actions of law enforcement officers when official policy or custom causes the constitutional violation. Gray does not recite any facts or policies which would support a claim against the City. Gray only makes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. This is not sufficient to survive a motion to dismiss, and the district court properly dismissed the claims against the City.

*Id*. at 800-801; *see also Johnson v. City of Wakefield*, 483 Fed.Appx. 256 (6th Cir. 2012) (dismissing numerous constitutional retaliation claims under *Iqbal* because the plaintiff had not pled facts showing a City policy or custom to retaliate sufficient to establish liability under *Monell*); *Unger v. City of Mentor*, 387 Fed.Appx. 589, 592 (6th Cir. 2010) (dismissing First Amendment claim against City that plaintiff was terminated for requesting reclassification so she could join a union, "[b]ecause Unger does not allege misconduct by the City itself or that a city policy or custom authorized Cooperrider's alleged misconduct…"); *Palermo v. Town of North Reading*, 370 Fed.Appx. 128, 130 n. 4 (1st Cir. 2010) (finding in unconstitutional takings case that allegation that "the actions, decisions, and policies" of the Town "deprived the Plaintiffs of all economically beneficial use of the Premises" was "not nearly sufficient," under *Twombly* and *Iqbal*, to support a *Monell* claim).

In *Jones v. Nueces County, Texas*, 2012 WL 3528049 (S.D. Tex. 2012), this Court considered § 1983 excessive force and retaliation claims brought by a pretrial detainee, who alleged that a prison guard had slammed him against the wall and kicked him several times after a heated discussion. Although the plaintiff alleged that the excessive force arose out of a policy or custom of the County, the County responded that the Complaint contained mere conclusions or recitations of elements of claims rather than creditable facts, with which the Court agreed.

The plaintiff then argued that he needed time to conduct discovery to figure out if the County had a policy of allowing excessive force, but the Court said "No":

> Federal practice does not allow this. Jones' "plead first and discover if there are supporting facts later" is exactly the problem that the Supreme Court sought to remedy in *Twombly* and *Iqbal*. The case proceeds to discovery only if the complaint contains enough facts to give rise to a reasonable expectation that discovery will reveal evidence of the elements of the claim.

*Id*. at *4 (citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 258 (5th Cir. 2009)). The Court then dismissed the excessive force claim against the County, finding that the allegations in the Complaint were insufficient under the *Twombly/Iqbal* test.

In all of the foregoing cases, the plaintiffs made some effort in their pleadings to plead the *Monell* standard, usually by reciting the boilerplate *Monell* test for municipal liability; the courts simply found that the plaintiffs had not pled sufficient facts to support their "formulaic recitation of the elements of a cause of action" – in the words of *Twombley*, that they had made "naked assertions devoid of further factual enhancement." *Twombley*, 550 U.S. at 557. Here, the Plaintiff does not even go that far; although it is clear from the Complaint that the HISD Board of Education (the policymaker, under Texas law, for purposes of § 1983) played no role in the Plaintiffs' situation, there is *nothing* in the Complaint – boilerplate or otherwise – that even alleges that her injuries occurred in accordance with official HISD policy or firmly entrenched custom. As noted above, Plaintiff has not alleged that the HISD Board of Education adopted policies, regulations, bylaws, or ordinances that contributed to any deprivation of her equal rights or privacy, nor that the Board permitted "persistent and widespread practices" or "practices that are permanent and well settled and deeply embedded traditional ways of carrying out policy." *Bennett,* 728 F.2d at 768. As such, Plaintiff's allegations in her Complaint are legally insufficient under the *Twombly-Iqbal* standard, and the Section 1983 claims against the District should be dismissed under Rule 12(b)(6).

**D.** **Texas does not recognize a cause of action for negligent infliction of emotional distress.**

Plaintiff asserts a claim for negligent infliction of emotional distress against all defendants. (Complaint, ¶¶ 78-80.) Texas does not recognize a cause of action for negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) ("We hold that there is no general duty in Texas not to negligently inflict emotional distress."); *Martin v. Grehn*, 546 F. App'x 415, 421 (5th Cir. 2013) ("The district court properly granted summary judgment to the defendants on the negligent infliction of emotional distress claim. This tort does not exist in Texas."); *Sandy Smith v. Bank of Am., N.A.*, 2016 WL 1162201, at *1 (S.D. Tex. Mar. 24, 2016) ("Safeguard challenges the cause of action for negligent infliction of emotional distress as contrary to Texas law. Safeguard is correct."); *Gossett v. Fed. Home Loan Mortgage Corp.*, 919 F. Supp. 2d 852, 862 (S.D. Tex. 2013) ("Texas does not recognize a cause of action for negligent infliction of emotional distress. *Boyles* [].  The Court agrees."). Plaintiff's claim for negligent infliction of emotional distress should be dismissed as a matter of law.

**E.** **All tort claims against Defendants Omogbehin and Allen should be dismissed pursuant to the election of remedies provision of the Texas Tort Claims Act.**

The Texas Tort Claims Act ("TTCA") provides the exclusive means by which a plaintiff may, in certain limited circumstances, bring tort claims against a governmental unit in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 101.021; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). The TTCA contains an election of remedies provision, which states:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter . . . if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE §§ 101.106(a), (e) (emphasis added). By requiring the plaintiff to make an irrevocable election to either sue the government or the employee individually, the TTCA "narrows the issues for trial and reduces delay and duplicative litigation costs." *Mission Consolidated,* 253 S.W.3d at 657.

Notably, "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Tort Claims Act for purposes of section 101.106." *Id.* at 659 (internal citations omitted). This includes claims for which the TTCA does *not* waive immunity—including intentional torts—even if the plaintiff does not invoke or refer to the statue in his pleading. *See, e.g., Bustos v. Martini Club,* 599 F.3d 458, 463 (5th Cir. 2010).

The Texas Tort Claims Act "encourages, and in effect mandates, plaintiffs to pursue lawsuits against the governmental units rather than their employees." *Tex. Adjutant Gen.'s Office v. Ngakoue (TAGO),* 408 S.W.3d 350, 350 (Tex. 2013). Consequently, if a governmental employee is named in his official capacity, or sued for acts allegedly committed in the general scope of his employment, then the tort claims have been effectively asserted against the governmental entity and the individual employee must be dismissed upon motion by the governmental entity. *Molina v. Alvarado*, 463 S.W.3d 867, 870-71 (Tex. 2015); *Franka v. Velasquez,* 332 S.W.3d 367, 382 (Tex. 2011); *TAGO*, 408 S.W.3d at 357 (holding that claims based on conduct within the scope of employment is not a suit against the employee; it is "in all but name only, a suit against the governmental unit.").

In sum, immediate dismissal of an individual defendant is required under the Texas Tort Claims Act if:

    a. The defendant constitutes an "employee" of a governmental unit under the statute;

    b. The plaintiff has asserted any common law tort claims against the governmental employee; and

c.  The plaintiff has asserted tort claims—or could have asserted tort claims—against the governmental unit arising from the same subject matter (irrespective of whether the plaintiff actually asserted such claims against the governmental unit or whether the claims would be viable against the governmental unit).

See *Franka,* 332 S.W.3d at 378; *accord Univ. of Tex. Health Science Center at Houston v. Crowder,* 349 S.W.3d 640, 648-49 (Tex. App.—Houston [14th Dist.] 2011).

### 1.  Defendants Omogbehin and Allen are "employees" of Houston ISD under the TTCA.

The TTCA defines employees as "a person, including an officer or agent, who is in the paid service of a governmental unit . . . [but not] an independent contractor . . . or a person who performs tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE § 101.001(2). Plaintiff identifies Defendants Omogbehin and Allen as "employees" of Houston ISD. (*See* Original Complaint at ¶¶ 7-8.)  Therefore, these individuals plainly qualify as employees under Section 101.001(2) of the TTCA.

### 2.  Plaintiff has asserted common law tort claims against Defendants Omogbehin and Allen.

Plaintiff has indisputably alleged common law tort claims against Defendants Omogbehin and Allen for intentional infliction of emotional distress and negligent infliction of emotional distress. (Complaint, ¶¶ 76-80.) Plaintiff may not withdraw these allegations against Defendants Omogbehin and Allen now, in order to escape the consequences of the TTCA. *See, e.g., Molina v. Alvarado,* 463 S.W.3d 867, 870 (Tex. 2015) ("Once the plaintiff elects to sue either the employee in his individual capacity or the governmental unit, [the TTCA] will 'immediately and forever' bar him from subsequently electing to sue the other regarding the same subject matter.").

### 3. Plaintiff's tort claims could have been asserted—and, in fact, are asserted—against Houston ISD.

Plaintiff's tort claims are explicitly asserted against both the Individual Houston ISD Defendants (Defendants Omogbehin and Allen) and Houston ISD itself as a governmental entity. (Complaint, ¶¶ 76-80.) By asserting tort claims against both the governmental entity and its employees, Plaintiff has irrevocably elected to sue the District only. *See, e.g., Williams v. City of Port Arthur,* No. 1:10-cv-823, 2012 LEXIS 77000, at *61-62 (E.D. Tex. June 1, 2012) (Crone, J.) (holding that the plaintiff made an irrevocable election by initially suing the governmental entity and "forever relinquished" his right to recover against an individual employee, even though he amended his pleadings and dismissed the governmental unit before the defendant filed a motion under the TTCA). As such, Houston ISD's motion to dismiss the Individual Houston ISD Defendants (Defendants Omogbehin and Allen) should be immediately granted pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code, and the intentional infliction of emotional distress and negligent infliction of emotional distress claims against Defendants Omogbehin and Allen should be dismissed in their entireties.

## F. Sovereign immunity bars all state law tort claims against the District.

As noted above, Plaintiff asserts common law tort claims against the District for intentional infliction of emotional distress and negligent infliction of emotional distress. (Complaint, ¶¶ 76-80.) Houston ISD is absolutely immune from the tort claims asserted by Plaintiff. Texas school districts retain their sovereign/governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity in a specific statute. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008); *see also Barr v. Bernhard,* 562 S.W.2d 844, 846 (Tex. 1978); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W.2d 49 (Tex. 1992); *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617 (Tex. 1987). Under the Texas Tort Claims Act, the *only* permissible tort claim against a *school district* is a

claim based on misuse of a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE § 101.051. As the Texas Supreme Court has noted:

> The Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." *Id.* § 101.021. For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles. *Id.* § 101.051.

*Mission Consolidated*, 253 S.W.3d at 655-56; *see also Barr*, 562 S.W.2d at 846 ("With respect to the liability of a school district, however, the Legislature provided for a more limited waiver of immunity. Section 19A [now § 101.051] of the Act states that a school district's liability is limited to causes of action arising from the use of motor vehicles.").

Consequently, as a matter of law, claims such as negligence, intentional infliction of emotional distress and negligent infliction of emotional distress (to the extent it is recognized by the courts) may not be asserted against a Texas school district. *See, e.g.*, *Barr*, 562 S.W.2d at 846 (negligence); *LeLeaux.*, 835 S.W.2d 49 (same); *Doe v. S&S Consolidated Indep. Sch. Dist.*, 149 F.Supp.2d 274, 302 (E.D. Tex. 2001) (dismissing student's physical abuse claims; Texas school districts "are generally not liable in tort actions"); *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 W 6096675 at *5 (S.D. Tex., Dec. 7, 2012) (unpublished) (infliction of emotional distress and negligence claims); *Gonzales v. Brown*, 768 F. Supp. 581, 584 (S.D. Tex. 1991) (negligent infliction of emotional distress); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987) (negligent supervision of students); *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 & n. 8 (Tex. App. – Eastland 2006, no pet.) (intentional infliction of emotional distress and assault). Because the Plaintiff has not stated any tort claim for which immunity has been waived, Houston ISD moves to dismiss the Plaintiff's tort claims.

**G.** **Plaintiff's claims for punitive damages under Title IX against all Defendants and against the District under all theories fail as a matter of law.**

Plaintiff seeks punitive damages in this matter against all defendants. (Complaint, ¶ 83.) Punitive damages are not available under Title IX. Title IX was enacted pursuant to the Spending Clause, and punitive damages are not available as a matter of law under Spending Clause legislation. *See generally Barnes v. Gorman*, 536 U.S. 181, 185-88 (2002). When Congress acts pursuant to its power under the Spending Clause, the legislation is "much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 639 (1999) (citation omitted); *see also Mercer v. Duke Univ.*, 50 F. App'x 643, 644 (4th Cir. 2002) ("[P]unitive damages are not available for private actions brought to enforce Title IX."); *Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 187 F. Supp. 2d 1099, 1128 (N.D. Iowa 2002) ("In light of the well-settled presumption of municipal immunity from punitive damages and the absence of any indicia of congressional intent to the contrary, the court finds that punitive damages are unavailable against local governmental entities under Title IX."); *Doe v. Londonderry Sch. Dist.*, 970 F. Supp. 64, 76 (D.N.H.) ("Therefore, the court holds that punitive damages are not available against municipalities under Title IX."), *opinion modified on denial of reh'g,* 32 F. Supp. 2d 1360 (D.N.H. 1997). The Defendants therefore move to dismiss Plaintiff's request for punitive damages under Title IX.

The Plaintiffs also seek punitive damages against HISD under other theories. As a matter of law, punitive damages are not available against municipalities and other local governments under 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981); *Mosley v. Houston Comm. College Sys.*, 951 F.Supp. 1279, 1290 (S.D. Tex. 1996). Additionally, even if the District is not immune from Plaintiff's tort claims, the Tort Claims Act does not

authorize punitive or exemplary damages against government entities. *See* TEX. CIV. PRAC. & REM. CODE § 101.024. Accordingly, Houston ISD moves to dismiss all claims against it for punitive damages.

## CONCLUSION AND PRAYER

For the forgoing reasons, Defendant Houston Independent School District requests that this Court immediately dismiss all of Plaintiff's claims against it in their entirety. The Defendants move to dismiss the Title IX claims asserted against Omogbehin and Allen in their individual capacities, as well as the tort claims asserted against them pursuant to the election of remedies provision of the Texas Tort Claims Act. The Defendants further request that the Court grant them such remedies, both at law and in equity, to which they have shown themselves entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:   /s/ Christopher B. Gilbert
          Christopher B. Gilbert
          State Bar No. 00787535
          Southern District No. 17283
          Attorney-in-Charge

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone:     (713) 554-6744
Fax:               (713) 583-7698
cgilbert@thompsonhorton.com

ATTORNEYS FOR THE DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

      I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on September 19, 2016:

> Ms. Susan H. Soto
> The Law Office of Susan H. Soto
> 6300 West Loop South, Suite 405
> Bellaire, Texas 77401
> ***Attorney for the Plaintiff***

     /s/ Christopher B. Gilbert
     Christopher B. Gilbert