United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR AYALA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2503 |
| | § | |
| ESTHER OMOGBEHIN, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 16] filed by Defendants Esther Omogbehin, Robert Scott Allen, Houston Independent School District ("HISD"), and Houston Independent School District Board of Education[1] ("HISD Board"). Plaintiffs Hector Ayala and Itza Ayala, As Representatives of I.L., a Minor filed a Response [Doc. # 22], and Defendants filed a Reply [Doc. # 23].[2] Having considered the full record and the applicable legal authorities, the Court **grants** the Motion to Dismiss.

---

[1] The governing body of the Houston Independent School District is its Board of Education. Because the members of the HISD Board are called "Trustees," the Board is often referred to as a "Board of Trustees."

[2] Plaintiffs filed an Objection [Doc. # 24] to Defendants' Reply, asserting that it was filed more than 7 days after the Response was filed. In the interest of justice, the Court overrules the Objection and allows the untimely Reply.

## I. BACKGROUND

I.L. was a student at the High School of the Performing and Visual Arts ("HSPVA"), an HISD school. Plaintiffs allege that I.L. was on campus for a program for incoming students on the morning of August 15, 2014. Plaintiffs allege that a male HSPVA student lured I.L. to an isolated location and sexually assaulted her. Shortly thereafter, another HSPVA student later found I.L. crying and alerted HSPVA school counselor Travis Springfield, who obtained a report from I.L.

Springfield informed HSPVA Principal Allen and HSPVA Assistant Principal Mercy Alonso-Rodriguez of the incident involving I.L. Allen instructed Springfield to obtain a written statement from I.L. Plaintiffs allege that Allen did not report the assault to state law enforcement as required under Texas law. Plaintiffs allege that officers from HISD's police department arrived at HSPVA on August 15, 2014, and instructed Rodriguez not to report the incident to Texas Child Protective Services.

I.L. was treated at an emergency center on August 15, 2014. Plaintiffs allege that her diagnosis was "sexual abuse of child or adolescent, initial encounter."

Rodriguez submitted an Incident Report to HISD that described the incident as "sexual assault." Rodriguez indicated in the report that there would be a follow-up when HISD police officers "notify us of their findings."

Plaintiffs allege that no action was taken by HSPVA or HISD to "eliminate the hostile environment in which I.L. [then] found herself, to prevent its recurrence, or to address its effects . . . ." Plaintiffs allege this failure constitutes a violation of Title IX of the Education Amendments of 1972, 209 U.S.C. § 1681, *et seq.*, and of 42 U.S.C. § 1983, and constituted intentional infliction of emotional distress and negligence under Texas state law.

Plaintiffs allege that I.L. continued to suffer depression, anxiety, and other effects of the sexual assault. Plaintiffs allege that on October 21, 2014, an HSPVA staff member acknowledged I.L.'s "delicate health" in an email to I.L.'s mother, but failed to describe strategies to protect and support I.L. Plaintiffs allege that on October 28, 2014, HISD provided I.L.'s mother with an Emergency Plan to address I.L.'s epileptic seizures, which began after the assault, but again failed to describe strategies to protect and support I.L. as a victim of sexual assault.

Plaintiffs allege that on November 6, 2014, in an email from staff member Timothy Glover to I.L.'s mother with a copy to Springfield, Glover expressed concern over I.L.'s excessive absences from school. Plaintiffs allege that Springfield responded to Glover's email, and copied Rodriguez. Plaintiffs allege that Rodriguez responded to the emails by stating there was "only so much we can do."

Plaintiffs allege that I.L. regularly saw her attacker at school.  They allege that they made multiple attempts to report to Defendant Allen that the attacker continued to harass and intimidate I.L.  Plaintiffs allege that they asked that the attacker be transferred to another school, and they were told that could not be done.  Plaintiffs allege that they requested an escort for I.L. during class changes and for arrangements to prevent I.L. from encountering the attacker during lunch, but these requests were denied.

Plaintiffs allege that on February 13, 2015, they submitted a formal request for I.L. to transfer out of HSPVA.  On February 16, 2015, Plaintiffs were notified that someone would contact them regarding their request.  On February 23, 2015, I.L.'s mother was contacted to begin the process for I.L. to transfer to another school.  The transfer was finalized on March 2, 2015, and I.L. began attending classes at Lamar High School.

Plaintiffs filed this lawsuit on August 15, 2016.  Defendants moved to dismiss, and Plaintiffs filed a First Amended Complaint [Doc. # 15] on October 24, 2016. In the First Amended Complaint, Plaintiffs assert a Title IX discrimination claim against HISD and its Board of Education.  Plaintiffs also assert a claim under 42 U.S.C. § 1983 against HISD, its Board of Education, and individual Defendants Allen and Esther Omogbehin, an HISD Officer responsible for secondary schools in HISD.

Plaintiffs also assert state law claims for intentional infliction of emotional distress and negligence against all Defendants.

Defendant HISD Board of Education has moved to dismiss because it is not a separate legal entity capable of being sued. HISD seeks dismissal of the § 1983 and state law claims, as well as the claim against it for punitive damages. HISD does not seek dismissal of Plaintiffs' Title IX claim against it. The individual Defendants seek dismissal of Plaintiffs' state claim claims, but do not seek dismissal of the § 1983 claim against them. The Motion to Dismiss has been full briefed and is now ripe for decision.

## II. HISD BOARD'S MOTION TO DISMISS

Plaintiffs name both the HISD and its Board of Education as Defendants in this lawsuit. The HISD Board has moved to dismiss the claims against it because it is not a separate legal entity. Plaintiffs argue that the HISD Board of Education is the managing body of the HISD, and has final decision-making authority.

A Texas defendant's capacity to sue or to be sued is determined by Texas law. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, *3 (S.D. Tex. Dec. 7, 2012) (Rosenthal, J.). Under Texas law, a school district's governing board may be sued only in the name of the district. *See Jathanna*, 2012 WL 6096675 at *4 (citing TEX.

EDUC. CODE § 11.151(a)). Because Plaintiffs have sued HISD, the proper Defendant, the Board's continued presence is redundant and improper. Its Motion to Dismiss is granted.

### III. HISD'S MOTION TO DISMISS § 1983 CLAIM

To state a § 1983 claim against a municipality, the plaintiff must allege facts that demonstrate that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *See Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009)). HISD has moved to dismiss the § 1983 claim against it, arguing that Plaintiffs have failed to allege a factual basis for an official policy.

A plaintiff adequately alleges an official policy "when the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999). The "official policy" need not be formally adopted by the policymaking body, but can be established through "a persistent, widespread practice" that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Doe v. United States*, 831 F.3d 309, 318 (5th Cir. 2016) (quoting *Piotrowski v. City of Houston*, 237 F.3d 547, 579 (5th

Cir. 2001)). Plaintiffs argue that they have alleged facts that demonstrate a "firmly entrenched custom tolerating misconduct within the Houston ISD." *See* Response, p. 7.

To survive a motion to dismiss on an unconstitutional custom or practice claim, Plaintiffs must allege facts sufficient to allow a reasonable inference that there was a pattern of misconduct involving similar acts. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). "A pattern requires similarity and specificity" and cannot be based on a variety of misconduct. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009).

In their Response, Plaintiffs rely on paragraphs 5-21, 23, and 25 of the Amended Complaint to support their § 1983 claim against HISD. Those paragraphs describe the manner in which HISD's personnel handled the alleged sexual assault on I.L. Plaintiffs allege that various HISD personnel, "from different departments, work locations, levels of authority and levels of responsibility," failed to respond adequately to I.L.'s complaints of sexual assault by a fellow student. *See* First Amended Complaint, ¶ 91. Plaintiffs allege that multiple HISD personnel refused to address the sexual assault until the HISD police investigation was concluded, failed to report the assault to state authorities, and failed to provide I.L. with educational programs that could have "helped I.L. defend herself against [the fellow student's] unwanted

attention and contact." *See id.*, ¶ 21. Plaintiffs allege that HISD had a custom or policy of "failing to adequately train and supervise school district employees with regard to preserving, maintaining and protecting students from violations of their right to personal security, bodily integrity and equal protection of law." *Id.*, ¶ 92.

Plaintiffs have not, however, alleged facts capable of proving that there were other incidents of student on student sexual assault at HSPVA or at any other HISD school. "[P]roof of a single instance of unconstitutional activity is not sufficient for § 1983 municipal liability." *Valentine Found. v. Uphoff*, 211 F. App'x 276, 278 (5th Cir. Dec. 6, 2006); *Osborne v. Harris Cty.*, 97 F. Supp. 3d 911, 939 (S.D. Tex. 2015) (Rosenthal, J.). Plaintiffs' conclusory allegation that HISD failed to investigate I.L.'s complaint, and failed to train, supervise, or discipline their employees is similarly deficient due to plaintiffs' failure to allege facts capable of proving a pattern of prior incidents. *See Sanders–Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010). Plaintiffs have similarly failed to allege facts suggesting that any need for more training, supervision, or discipline was "obvious and obviously likely to result in a constitutional violation" as required to support liability based on a single incident. *Id.*

Plaintiffs have failed to allege facts capable of proving a pattern of constitutional violations that would have made it obvious to HISD's governing Board

that different policies, training, supervision, and/or discipline were needed to prevent students from sexually assaulting other students. As a result, Plaintiffs' factual allegations are insufficient to state a § 1983 claim against HISD. The Motion to Dismiss this claim is granted.

### IV.  **MOTION TO DISMISS STATE CLAIMS**

Citing to the Texas Tort Claims Act, all Defendants seek dismissal of Plaintiffs' state law intentional infliction of emotional distress and negligence claims. Plaintiffs respond that the Texas Tort Claims Act does not apply to this case because "this suit does not involve a controversy between parties of diverse citizenship." *See* Response, p. 8. Plaintiff's argument is without merit. For purposes of Plaintiffs' state law claims, Texas law prohibits state law tort claims against a governmental entity and its employees. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Because the Texas Tort Claims Act is the only avenue for common-law recovery on tort claims against the government, all tort theories alleged against a governmental unit and its employees are assumed to be asserted under the Tort Claims Act. *See id.* at 659 (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997)). Therefore, the Texas Tort Claims Act applies to Plaintiffs' state law intentional infliction of emotional distress and negligence claims.

#### A. **State Law Tort Claims Against Individual Defendants**

The Tort Claims Act's Election of Remedies provision states that the filing of a lawsuit against a governmental unit "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106. By filing this lawsuit against HISD, Plaintiffs have elected the governmental entity as the only defendant for the intentional infliction of emotional distress and negligence claims. Therefore, under the election of remedies provision, the tort claims against the individual defendants must be dismissed with prejudice. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e).

B. **State Law Claims Against HISD**

HISD argues that the Texas Tort Claims Act bars Plaintiffs' intentional infliction of emotional distress and negligence claims. Plaintiffs respond that they are also asserting a claim under § 1983. Plaintiffs' response, although correct, does not preclude dismissal of the state law claims against HISD.

A school district is immune from tort liability except under limited circumstances not present here. *See* TEX. CIV. PRAC. & REM. CODE § 101.051 (limiting liability to causes of action arising from the use of motor vehicles); *see also LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 878 (5th Cir. 2000); *Turner v.*

*Houston Indep. Sch. Dist.*, 2013 WL 3353956, *2-*3 (S.D. Tex. July 3, 2013). Because Plaintiffs' state tort law claims do not involve the use of a motor vehicle, HISD is immune from the intentional infliction of emotional distress and negligence claims. The Motion to Dismiss those claims is granted.

## V.    HISD'S MOTION TO DISMISS PUNITIVE DAMAGES CLAIM

HISD seeks dismissal of Plaintiffs' request that punitive damages be awarded against it on the Title IX and § 1983 claims. With reference to the Title IX claim, Plaintiff responds that damages can be recovered under Title IX. Although it is correct that damages are recoverable, it is clear that punitive damages are not recoverable under Title IX. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998); *Mercer v. Duke Univ.*, 50 F. App'x 643, 644 (4th Cir. Nov. 15, 2002).

With reference to the § 1983 claim, Plaintiff responds that punitive damages are recoverable against local officials in their individual capacity. The individual Defendants have not, however, moved for dismissal of the § 1983 punitive damages claim against them. It is clear that punitive damages are not recoverable under § 1983 as against municipalities and other governmental entities. *See City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981); *Gil Ramirez Group, LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) (dicta); *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 709 (N.D. Tex. 2014).

Because a plaintiff cannot recover punitive damages against a municipality or other governmental entity under either Title IX or § 1983, HISD's Motion to Dismiss the punitive damages claim is granted.

## VI. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 16] is **GRANTED**. Plaintiffs' claims against HISD Board as a separate Defendant, Plaintiffs' § 1983 claim against HISD, Plaintiffs' state law claims for intentional infliction of emotional distress and negligence, and Plaintiffs' punitive damages claim against HISD are **DISMISSED WITH PREJUDICE**. Plaintiffs' Title IX claim against HISD and § 1983 claim against the individual Defendants remain pending.

SIGNED at Houston, Texas, this **20th** day of **December, 2016.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE